IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANDRA S. FORQUER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-3795 |
| SAMUEL I. WHITE, P.C., | * | |
| JOHN E. DISCROLL, III, | | |
| LAURA D. HARRIS, | * | |
| DANIEL J. PESACHOWITZ, | | |
| DEENA L. REYNOLDS, | * | |
| ROBERT H. HILLMAN, | | |
| LAW OFFICE OF JEFFREY B. SHULTZ, ESQ. | | |
| DOMINION RENTAL HOLDINGS, LLC, | | |
| CIRCUIT COURT FOR HARFORD CO., | * | |
| ANGELA M. EAVES, and | | |
| JAMES REILLY | * | |
| Defendants | * | |

***

## MEMORANDUM

Sandra Forquer, the self-represented plaintiff, filed suit against several defendants, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k. ECF 1. Suit is rooted in the foreclosure of property owned by plaintiff. *Id.* Forquer paid the full filing fee. For the reasons state below, the complaint must be dismissed.

Forquer is neither a prisoner nor is she proceeding in forma pauperis. Therefore, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting sua sponte dismissal of complaints which fail to state a claim, are inapplicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). This court, however, has the inherent authority to dismiss frivolous complaints even when the filing fee has been paid. *See, e.g., Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is

little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Ricketts v. Midwest Nat'l Bank*, 874 F. 2d 1177, 1181 – 83 (7th Cir. 1989); *Franklin v. Oregan State Welfare Division*, 662 F. 2d 1337, 1342 – 43 (9th Cir. 1981).

Foreclosure proceedings were initiated against Forquer's residential property in Bel Air, Maryland on May 3, 2013, and Forquer was served on May 12, 2013. *See Driscoll, et al. v. Forquer, et al.*, Civil Action ELH-16-2555 (D. Md. 2016), ECF 63 at 1. The FDCPA prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. §1692f(6).  Actions under the FDCPA must be brought "within one year from the date the violation occurs." 15 U.S.C. §1692k.

The one-year limitations period is triggered when a debtor such as Forquer first receives notice of the debt-collector's intent to collect a debt and does not begin anew with each alleged violation. *See Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 316 (D. Md.), *aff'd,* 584 F. App'x 135 (4th Cir. 2014); *see also McGhee v. JP Morgan Chase Bank, N.A.,* No. DKC–12–3072, 2013 WL 4495797, at *7 n. 10 (D. Md. Aug. 20, 2013) ("the limitations period for FDCPA claims commences 'from the date of the first violation, and subsequent violations of the same type do not restart the limitations period.'") (quoting *Fontell v. Hassett,* 870 F.Supp.2d 395, 404 (D.Md.2012)); *see Alston v. Cavalry Portfolio Servs., LLC,* No. AW–12–3589, 2013 WL 665036, at *3 (D.Md. Feb. 22, 2013) (same); *Martin v. Sessoms & Rogers, P.A.,* No. 5:09–CV480–D, 2010 WL 3200015, at *3–4 (E.D.N.C. Aug. 12, 2010) (citing cases) (same)).

The one-year filing deadline in Forquer's case expired on May 12, 2014, or one year from the date she was served with the notice of foreclosure.  This court further notes that

Forquer's claim against the Circuit Court for Harford County, Judge Angela M. Eaves, and James Reilly, Clerk of Court, on the theory that the Circuit Court is a "private for-profit corporation" in the business of collecting debts, is frivolous on its face. *See* ECF 1 at 8.

The complaint shall be dismissed by separate Order which follows.

December 2, 2016                         _____/s/_____
Date                                     Ellen L. Hollander
                                         United States District Judge