IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANDRA S. FORQUER | * | |
| Plaintiff | * | |
| v | * | Civil Action No.  ELH-16-3795 |
| SAMUEL I. WHITE, P.C., *et al*. | * | |
| Defendants | * | |

***

## **MEMORANDUM**

Plaintiff Sandra Forquer, who is self-represented, filed "Consumer's Notice to Vacate Order of Dismissal" ("Motion") in the above-entitled action.  ECF 5.  The Motion was filed on December 13, 2016, within 28 days of the date the complaint was dismissed, which was on December 2, 2016.  *See* ECF 2; ECF 3.  The complaint, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), was dismissed because the claim under the FDCPA is time-barred and the claims asserted against the Circuit Court for Harford County, Judge Angela M. Eaves, and James Reilly, Clerk of Court, are frivolous.  ECF 2.   I shall construe the submission (ECF 5) as a motion to alter or amend under Fed. R. Civ. Proc. 59.

Forquer asserts that I do not have jurisdiction to dismiss the complaint, stating: "Nowhere in the Consumers [sic] verified claim and enforcement action, was Judge Hollander given jurisdiction to dismiss the action."  ECF 5 at 1.  According to Forquer, I must specify "for the record" whether I am an Article III judge, and she suggests that as an Article I administrative judge I had no jurisdiction to issue an order of dismissal in this case.  *Id*. at 1 – 2.  Indeed, she "demands to know by what authority" I dismissed her case.  *Id.* at 2.  Forquer also suggests that there is a distinction between "federal district courts" and "United States District Courts" and demands to know whether her complaint was dismissed "under the United States District Court

that does not have jurisdiction, or under the Federal Judicial Court that does have the authority to oversee an Article III claim involving Federal Question." *Id*. at 2. Forquer also takes issue with the conclusion that her FDCPA claim is time-barred; that reference to her as a "debtor" rather than a "Consumer" was improper; and that the decision dismissing her action was an impermissible re-interpretation of the FDCPA. *Id*. at 3 – 4.

Forquer poses a series of questions that she asks me to answer. *Id.* at 2. She concludes that she "vacates Judge Hollander's order of dismissal dated December 2, 2016, because Judge Hollander has exceeded her jurisdictional capacity, and does not have Article III jurisdiction to dismiss this Consumer's Verified Claim and Enforcement Action." *Id*. at 4.

Given the substance of the Motion, I shall construe it as a motion to alter or amend, governed by Fed. Rule of Civ. Proc. 59(e).[1] The Motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "Mere disagreement [with the court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). However, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995).

The pending motion does not state a cognizable basis to revisit the reasons for this court's dismissal of the complaint. The asserted grounds for Forquer's "Notice to Vacate Order of

---

[1] The Fourth Circuit has held "that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see also Vaughan v. Murray,* No. 95-6081, 1995 WL 649864, at *3 n. 3 (4th Cir. Nov. 6, 1995).

Dismissal" have no basis in law. This court, as well as the undersigned, has jurisdiction to dismiss frivolous and time-barred claims, such as those filed by Forquer. Plaintiff's disagreement with the dismissal, including her disagreement with my assessment that the claim is time-barred, are matters she may raise on appeal to the United States Court of Appeals for the Fourth Circuit. But, she does not create a basis for Rule 59(e) relief, as she has pointed to no clear error in this court's analysis.

      Therefore, I shall deny the Motion. An Order follows.


Date:  December 15, 2016                      /s/
                                                      Ellen L. Hollander
                                                      United States District Judge